Filed 11/24/20  P. v. Hernandez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D076941 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF36035) |
| SHAWN HERNANDEZ, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Allison V. Acosta, and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

Shawn Hernandez, who is serving a prison sentence for possessing cannabis in prison in violation of Penal Code section 4573.6, appeals from the trial court's denial of his petition to dismiss and recall his sentence.[1] Hernandez's petition was based on the fact that, after his conviction, the voters adopted Proposition 64, making it legal for persons at least 21 years of age to possess up to 28.5 grams of cannabis except in specifically identified circumstances, and giving persons currently serving a sentence for a cannabis-related crime that is no longer an offense after Proposition 64, the ability to petition for relief in the form of recall or dismissal of their sentence. (Prop. 64, §§ 4.4, 8.7, as approved by voters, Gen. Elec. (Nov. 8, 2016); Health & Saf. Code, § 11361.8, subd. (a).)

In resolving this appeal, we rely on the reasoning of our recent opinion in *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted August 12, 2020, S262935 (*Whalum*), in which we concluded that the similar crime of possessing unauthorized cannabis in prison in violation of section 4573.8 was not affected by Proposition 64. Accordingly, we conclude that the trial court properly determined that Hernandez was not entitled to relief, and we therefore affirm the order denying Hernandez's petition.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2016, an indictment accused Hernandez of possessing an unauthorized substance in prison in violation of section 4573.6. The indictment was based on a correctional officer's discovery of approximately 0.5 grams of cannabis on Hernandez's person in Calipatria State Prison. On August 18, 2016, Hernandez pled no contest to a violation of section 4573.6

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

2

and admitted a prior strike.  On September 15, 2016, the trial court imposed a sentence of two years, to run consecutive to the time Hernandez was currently serving in prison.

On August 7, 2019, the public defender, on behalf of Hernandez, filed a petition to recall and dismiss Hernandez's sentence based on the electorate's adoption of Proposition 64 in 2016, which enacted laws legalizing the possession of up to 28.5 grams of adult cannabis except in specifically identified circumstances.  (Prop. 64, § 4.4, as approved by voters, Gen. Elec. (Nov. 8, 2016).)  Hernandez relied on Proposition 64's enactment of Health and Safety Code section 11361.8, subdivision (a), under which a person serving a sentence for conduct that is no longer criminalized or that is penalized less harshly due to Proposition 64 may file a petition for a recall or dismissal of sentence.  (Prop. 64, § 8.7)

After several hearings, the trial court issued a written ruling denying the petition, concluding that it was bound to follow the First District's opinion in *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*).  *Perry* held that in enacting Proposition 64 the voters did not intend to affect statutes making it a crime to possess cannabis in a correctional institution.  (*Id.* at p. 890.)

 The trial court granted Hernandez's request for a certificate of probable cause, and Hernandez filed an appeal from the order denying his petition.

## II.

## DISCUSSION

In the November 8, 2016 election, the voters adopted Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act.  (Prop. 64, § 1, as approved by voters, Gen. Elec. (Nov. 8, 2016).)  Among other things, the act included a provision legalizing certain activity involving 28.5 grams or less of

3

cannabis by persons 21 years of age or older.  (Health & Saf. Code, § 11362.1, added by Prop. 64, § 4.4.)  As relevant here that provision states,

> "(a) Subject to [Health and Safety Code] [s]ections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to:
>
> "(1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis;
>
> [¶] . . . [¶]
>
> "(4) Smoke or ingest cannabis or cannabis products[.]"  (Health & Saf. Code, § 11362.1.)

The exceptions set forth in Health and Safety Code sections 11362.2, 11362.3, 11362.4, and 11362.45, include the following carve-out, which is specifically applicable to correctional institutions:  "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code."  (Health & Saf. Code, § 11362.45.)

Proposition 64 also enacted a provision stating that "[a] person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court

4

that entered the judgment of conviction in his or her case to request resentencing or dismissal . . . ." (Health & Saf. Code, § 11361.8, subd. (a).) Hernandez seeks relief under this provision. According to Hernandez, because Proposition 64 legalized adult possession of up to 28.5 grams of cannabis except in specifically identified circumstances, it is no longer a crime under section 4573.6 to possess a drug in a correctional institution if that drug is cannabis. Hernandez also points out that the carve-out in Health and Safety Code section 11362.45, subdivision (d), does not refer to laws criminalizing the *possession* of cannabis in a correctional institution, and instead refers only to "smoking or ingesting cannabis."

As we noted in *Whalum*, the issue of whether Proposition 64 affected the existing prohibitions against the possession of cannabis in a correctional institution is currently pending before our Supreme Court. (*Whalum*, *supra*, 50 Cal.App.5th at p. 5, review granted.) Specifically based on a disagreement between the First District in *Perry*, *supra*, 32 Cal.App.5th 885 and the Third District in *People v. Raybon*, our Supreme Court granted review in *Raybon* to resolve the issue. (*People v. Raybon* (2019) 36 Cal.App.5th 111, review granted Aug. 21, 2019, S256978 (*Raybon*).)

Both *Raybon* and *Perry* concerned a conviction for possessing marijuana in prison in violation of section 4573.6, which is the same provision at issue in this case. (*Perry*, *supra*, 32 Cal.App.5th at p. 888; *Raybon*, *supra*, 36 Cal.App.5th at p. 113, review granted.) Section 4573.6, subdivision (a), which applies only to controlled substances, provides in pertinent part: "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code, . . . without being authorized to so possess the same by the rules

5

of the Department of Corrections, rules of the prison . . . or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, . . . is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."

In *Whalum*, we addressed the impact of Proposition 64 on a conviction for possessing marijuana in prison in violation of a different provision—section 4573.8. (*Whalum*, *supra*, 50 Cal.App.5th at p. 10, review granted.) Section 4573.8 provides in relevant part: "Any person who knowingly has in his or her possession in any state prison . . . drugs in any manner, shape, form, dispenser, or container, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming drugs, or alcoholic beverages, without being authorized to possess the same by rules of the Department of Corrections, rules of the prison or jail, institution, camp, farm, or place, or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, . . . is guilty of a felony."

In *Whalum*, *supra*, 50 Cal.App.5th at page 12, review granted, we agreed with *Perry*'s analysis, parts of which we found to be applicable to *either* a conviction under section 4573.6 *or* a conviction under 4573.8. Specifically, following Perry's approach of focusing on the meaning of the phrase "pertaining to" we determined that the carve out in Proposition 64 for "[l]aws *pertaining to* smoking or ingesting cannabis" in a correctional institution (Health & Saf. Code, § 11362.45, subd. (d), italics added), was broad enough to cover laws prohibiting the *possession* of cannabis in a correctional institution. We explained that "[b]ecause the phrase 'pertaining to' signals a *relation to* something, we agree with *Perry* that laws prohibiting the possession of cannabis fall within the scope of the statutory carve-out for

6

laws 'pertaining to smoking or ingesting cannabis' in a correctional institution." (*Whalum*, at p. 12.) We therefore concluded "that Proposition 64 does not affect laws, including Penal Code section 4573.8, which make it a crime to possess cannabis in a correctional institution." (*Whalum*, at p. 10.)[2]

Although Hernandez was convicted under section 4573.6 rather than section 4573.8, our discussion in *Whalum* nevertheless controls the result here. Both section 4573.6 and section 4573.8 criminalize the possession of cannabis in prison. Thus, consistent with our decision in *Whalum*, both provisions fall under the carve out in Proposition 64 because both are laws "pertaining to smoking or ingesting cannabis" in a correctional institution within the meaning of Health & Safety Code section 11362.45, subdivision (d). Relief is not available for persons convicted under either provision. Although Hernandez requests in his briefing that we reconsider *Whalum*, we find no reason to depart from our reasoning in that case.

We therefore conclude that the trial court properly determined that Proposition 64 did not impact the crime of unauthorized possession of cannabis in prison in violation of section 4573.6. Accordingly, we affirm the trial court's order denying Hernandez's petition for relief pursuant to Health and Safety Code section 11361.8, subdivision (a).

---

[2]    The Sixth District in *People v. Herrera* (2020) 52 Cal.App.5th 982, review granted Oct. 14, 2020, S264339, has agreed with *Perry* and *Whalum* that "Proposition 64 did not decriminalize the possession of cannabis in a penal institution . . . ." (*Id.* at p. 985 [analyzing a challenge to a conviction under § 4573.6].)

## DISPOSITION

The trial court's order is affirmed.

IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DATO, J.